**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JOHN EUGENE CALP,

　　　　Defendant-Appellant.

No. 04-1036

(Dist. of Colo.)

(D.C. No. 02-CR-28-B)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **HENRY** , and **TYMKOVICH** , Circuit Judges. **

---

In 2002, John Eugene Calp traveled from Pennsylvania to Colorado to have

a sexual encounter with a minor child. Unfortunately for Calp, when he arrived at

a Colorado hotel he was met by federal officials who arrested him. He

subsequently pled guilty to traveling in interstate commerce for the purpose of

engaging in sex with a minor, in violation of 18 U.S.C. § 2423(b). He appeals the

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court's denial of his motion to suppress evidence and the two-level upward adjustment of his sentence under United States Sentencing Guideline § 2A3.2(b)(3)(B) ("USSG"), which provides enhancement when a defendant uses a computer to facilitate travel to engage in prohibited sexual conduct with a minor.

Calp argues on appeal that his post-arrest confession and statements, along with the evidence found at the time of his arrest, were the fruits of an illegal arrest, which he asserts was made without probable cause. Calp claims probable cause did not exist because § 2423(b) cannot be violated when undercover agents staging a sting operation merely pretend that they have minors available to engage in sexual acts with adults. He makes the same argument to dispute the upward adjustment of his sentence: he could not have used a computer to facilitate travel to engage in sex with a minor if no actual minor existed.

We find that the district court did not err in denying Calp's motion to suppress or imposing an upward adjustment in his sentence.

Background

Between August 2001 and January 12, 2002, Calp communicated with Rocky Mountain Fantasy Tours, an internet website advertising "fantasy tours," a means for adults to engage in sexual acts with minors for a fee. Unbeknownst to Calp, the website was a sting operation set up by the U.S. Customs Service and

maintained by the Colorado Springs Police in Colorado Springs, Colorado, where agents, posing as persons who had minors available to engage in sexual acts, looked for individuals willing to travel in interstate commerce to meet with minors.

Calp, who lived in Pennsylvania, sent an email to the website expressing his interest in the tours. He subsequently communicated with undercover agents via telephone and mail to work out the specifics of his tour, ultimately sending a payment of $80 to cover part of the $480 tour. As a result of these communications, Calp arranged to travel to Colorado to engage in sexual acts with a female, whom Calp preferred be between twelve and fourteen years of age and blonde with the "girl-next-door" look.

Upon his arrival on January 12, 2002, at a designated hotel meeting spot in Colorado Springs, Calp met an undercover agent posing as someone who could lead Calp to the first stop on his fantasy tour and paid the agent the remaining $400 owed for the tour. Without a warrant, the U.S. Customs Service then arrested Calp and advised him of his Miranda rights. A search incident to his arrest revealed six condoms and a digital camera. Calp waived his Miranda rights in writing and made two key confessions: (1) he had communicated with the website to arrange a sexual encounter with a female between twelve and fourteen years of age and (2) he had traveled from Pennsylvania to Colorado for the

purpose of having sex with a minor.

The government charged Calp with one count of traveling in interstate commerce for the purpose of engaging in a sexual act with a minor in violation of § 2423(b) . Thereafter, Calp filed a motion to suppress asserting the same arguments he makes here, namely that the lack of an actual minor in the sting operation makes probable cause for his arrest impossible and eliminates the basis for the sentence enhancement.

The district court held a hearing on Calp's motion and denied it. The court found that the plain language of the statute does not require an actual minor to be involved in order for a defendant to violate the statute. Rather, the court found that a defendant's intent is determinative, and once a defendant travels across state lines for the purpose of engaging in sexual acts with a minor, that person forms the requisite intent and violates the elements of the statute.

In the face of this ruling, Calp changed his plea to guilty and entered into a plea agreement with the government in which he reserved the right to appeal the denial of his motion. At the sentencing hearing, the court stated, and Calp agreed, that this court's opinion in *United States v. Robertson* , 350 F.3d 1109 (10th Cir. 2003), foreclosed Calp's objection to a two-level upward adjustment in his sentence under USSG § 2A3.2(b)(3)(B) for use of a computer in facilitating travel to engage in a prohibited sexual act.

## Discussion

## I. Probable Cause

This court affirms a district court's factual findings regarding a motion to suppress unless they were clearly erroneous. *United States v. Minjares-Alvarez,* 264 F.3d 980, 983 – 84 (10th Cir. 2001). However, we review a district court's legal findings de novo. *Id.*

Calp argues that all evidence obtained after his arrest, including his confession, should be suppressed because probable cause to arrest him did not exist as he never interacted, communicated, or met with a real minor. Calp bases his argument on the notion that a defendant cannot form the requisite intent to violate § 2423(b), and thus probable cause cannot exist, when an undercover agent pretends to have minors available to engage in sexual acts.[1] Following Calp's logic, then, no reasonable officer would believe that probable cause existed to arrest if no actual minor was involved.

We disagree with Calp's logic. Law enforcement officers may reasonably rely on the plain language of a statute in forming the probable cause necessary to make an arrest. Section 2423(b), like all other statutes, is an act of Congress presumed to be constitutional until demonstrated otherwise. *See United States v.*

---

[1] A defendant violates § 2423(b) when he (1) "travels in interstate commerce" (2) "for the purpose of engaging in any illicit sexual conduct" (3) with a minor. 18 U.S.C. § 2423(b).

*Pompey*, 264 F.3d 1176, 1179 (10th Cir. 2001).  Probable cause to arrest a suspect exists if, "at th[e] moment [of the arrest,] the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent [officer] in believing that the [suspect] had committed or was committing an offense."  *United States v. Snow*, 82 F.3d 935, 942 (10th Cir. 1996) (*quoting Beck v. Ohio*, 379 U.S. 89, 91 (1964)).  Probable cause to arrest a suspect exists even if a presumptively constitutional statute is later found to be unconstitutional.  *See Michigan v. DeFillippo*, 443 U.S. 31, 37 – 38 (1979) (finding that probable cause exists when an officer makes an arrest pursuant to a presumptively valid statute that is later found to be unconstitutional).  Thus, when the officers arrested Calp for violating a presumptively constitutional statute, they did so with probable cause as long as they had an objectively reasonable belief that a crime had been committed.  *See id.*

The relevant inquiry here, then, is not what Calp knew.  Rather it is what the arresting officers objectively knew when they apprehended Calp.  First, the officers knew Calp was their suspect when he met them at the designated spot in Colorado Springs and paid the balance owed for the "fantasy tour."  Calp was the only person who would know where to meet the officers for the encounter.  Second, they knew that Calp had traveled from Pennsylvania to Colorado.

Indeed, Calp admitted that he traveled in interstate commerce for the purpose of engaging in prohibited sexual acts with a minor, and he does not contend that he traveled from Pennsylvania to Colorado Springs for any other purpose. *See United States v. Han*, 230 F.3d 560, 563 (2d Cir. 2000) (defendant violated § 2423(b) when he formed his plan to engage in sexual activity with a minor before crossing state border and manifested his intent by doing so and by going to arranged meeting place). What the officers did not know was Calp's argument that the undercover sting required a real minor. While this may be a plausible argument if Calp had challenged the constitutionality of the statute, he has not done so.[2] Thus, because at the time of the arrest the officers reasonably relied on a presumptively valid statute, probable cause existed and the district court did not err.

## II. Sentence Enhancement

Calp's second argument is that the two-level upward adjustment in his sentence was unjustified because he never communicated via computer or internet with an actual minor. We review the district court's upward adjustment de novo. *See United States v. Robertson*, 350 F.3d 1109, 1112 (10th Cir. 2003). Calp

---

[2] We note that there is no question about the good faith of the officers making the arrest in this case. In these circumstances, we also conclude that the exclusionary rule would not require the suppression of the evidence. *United States v. Vanness*, 342 F.3d 1093, 1098 (10th Cir. 2003).

acknowledges that this court rejected the same argument he now makes in *Robertson* and *United States v. McGraw*, 351 F.3d 443 (10th Cir. 2003).

In both *Robertson* and *McGraw*, the defendants communicated with undercover agents via computer believing that the agents had control over minors with whom the defendants could engage in sexual acts for a fee. In both cases we found that "because the computer made it substantially easier for [defendant] to find and book a 'fantasy tour,'" the computer was used to facilitate the illegal transaction. *Robertson*, 350 F.3d at 1115 (citing *McGraw*, 351 F.3d at 446). Moreover, we found that USSG § 2A3.2(b)(3) "applies if the computer or internet is used to facilitate travel by a 'participant.'" *Id.* at 1116.

Application note 1 of USSG § 2A3.2(b)(3)(B) defines "participant" as someone who "is criminally responsible for the commission of the offense, but need not have been convicted." Like the defendant in *Robertson*, Calp was a participant who used a computer to facilitate meeting a minor with whom he believed would engage in sexual acts. Thus, the district court did not err when it enhanced Calp's sentence pursuant to USSG § 2A3.2(b)(3).

WE AFFIRM.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge