**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TROY ANTHONY TIMBERS,

    Defendant - Appellant.

No. 05-4229

D. Utah

(D.C. No. 1:03-CR-97-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Troy Timbers, appeals from his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*I. Background*

In January 2003, a confidential informant provided information suggesting Timbers was involved in the distribution of cocaine. The informant later conducted two controlled-drug buys with Timbers. Based on this information, a federal agent obtained and executed a search warrant for Timbers' residence. Officers found two firearms in the residence, as well as one in Timbers' vehicle. In addition, officers found more than $130,000 in cash throughout his residence, including some bills bundled in bags behind the walls. Officers also found six .22 caliber bullets, a digital scale, and 4.2 grams of cocaine.

Subsequently, Timbers was indicted on two counts. Count one alleged Timbers possessed three handguns and ammunition, while a user of and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Count two alleged Timbers possessed cocaine in violation of 21 U.S.C. § 844(a).

Timbers pled guilty to count one. At sentencing, the district court enhanced Timbers' offense level by four levels, under §2K2.1(b)(5) of the federal sentencing guidelines, after determining Timbers' possession of the guns had the potential to embolden his felony drug related activities. *See* USSG §2K2.1(b)(5) (2004).[1] Timbers was sentenced to 24 months imprisonment. Timbers timely filed his notice of appeal.

---

[1] Timbers was sentenced under the 2004 edition of the United States Sentencing Guidelines Manual. All citations to the guidelines in this order & judgment refer to the 2004 guidelines unless otherwise indicated.

*II. Discussion*

Timbers argues 1) the district court erred by applying the guidelines in a mandatory fashion; 2) the guideline provisions under which he was sentenced were ambiguous and therefore the rule of lenity requires imposing a sentence without the §2K2.1(b)(5) enhancement; and 3) the district court erred in finding the firearms had the potential to facilitate Timbers' drug activities.

On appeal of an application of the advisory guidelines, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006).

A.  Application of the Guidelines

Timbers argues the district court erred, under *United States v. Booker*, by applying the guidelines in a mandatory fashion.  543 U.S. 220 (2005).  As this Court has stated:

> There are two types of error under *Booker*: non-constitutional error and constitutional error.  Non-constitutional error derives from the so-called remedial portion of *Booker*, which severed the statutory provision requiring mandatory application of the Sentencing Guidelines in most cases.  This severance has rendered the Guidelines mainly advisory, although sentencing courts must still consult the Guidelines and the factors of 18 U.S.C. § 3553(a). Appellate courts will reverse a sentence if it is deemed unreasonable. Constitutional *Booker* error, on the other hand, occurs in the context of a mandatory sentencing regime when a judge-found fact (other than the fact of a prior conviction) increases a defendant's sentence beyond the maximum authorized by a jury verdict or a guilty plea through the court's application of the mandatory guidelines.

*United States v. Visinaiz*, 428 F.3d 1300, 1315 (10th Cir. 2005) (citations

omitted), *cert. denied*, 126 S.Ct. 1101 (2006); *see also United States v. Delacruz-Soto*, 414 F.3d 1158, 1161-62 (10th Cir. 2005) (describing the two types of *Booker* error).  If the district court applies the guidelines as only advisory, there can be no *Booker* error.  *Visinaiz*, 428 F.3d at 1315  ("[B]ecause the district court did not consider the guidelines mandatory, there was no *Booker* error, constitutional or non-constitutional.").  Despite the fact the district court clearly stated it was treating the guidelines as advisory, Timbers argues the court applied the guidelines in a mandatory fashion.  For support, Timbers points to the district court's statement that "the court, in reading the language [of comment four of USSG §2K2.1] which says [']federal, state or local,['] must find that if an offense is a felony under state law, even if it is a misdemeanor under federal law, that it is still a felony for the purposes of applying [§2K2.1(b)(5)]."  (R. Vol. II at 39.)  Timbers also quotes the district court's statement that "the court finds that the government has met its burden of proving, by a preponderance of the evidence, that the firearm was possessed by the defendant in connection with another felony offense, as is required by the Sentencing Guidelines . . . ."  (*Id.*).

Even though we have recently (and repeatedly) explained the process, Timbers appears to be confused about post-*Booker* sentencing.

> After [*Booker*] rendered the Sentencing Guidelines advisory, district courts must use a two-step process at sentencing.  In Step 1, the district court must consult the Guidelines and apply any applicable upward adjustments and downward departures.  Through that process, the district court establishes a total offense level and

corresponding sentencing range under the Guidelines. In Step 2, the district court may use its discretion to impose a sentence within the Guidelines range or to vary either upward or downward from that range.

*United States v. Hernandez-Castillo*, 449 F.3d 1127, 1129 (10th Cir. 2006), *cert. denied*, 127 S.Ct. 936 (2007); *see also Visinaiz*, 428 F.3d at 1315 ("[S]entencing courts must still consult the Guidelines . . . ."). Plainly, the district court is required, as it did here, to consider the guidelines as a starting point from which it may then exercise its discretion under step two. Timbers invites us to reverse the district court for following the very procedures we now require in post-*Booker* sentencing. We decline the invitation.

B. Application of the Rule of Lenity

Timbers argues the guideline provisions under which his sentence was enhanced are ambiguous and therefore the doctrine of lenity should require the district court to impose the lesser sentence.[2] It is true, when there are two

_____

[2] We have previously stated:

Prior to the Supreme Court's decision in *Booker*, our conclusion that a Guideline provision was ambiguous required us to remand with instructions to follow the interpretation of the Guidelines that would produce the lesser sentence. Post-*Booker*, . . ., the district courts are "[r]elieved of the mandatory application of the guidelines" and "are now permitted to give more sway in sentencing to the factors enumerated in 18 U.S.C. § 3553(a)."

*United States v. Weidner*, 437 F.3d 1023, 1047 (10th Cir. 2006) (citations omitted). An ambiguous guideline provision does not demand the lesser sentence be imposed, given the district court's discretion. After *Booker*, the touchstone is whether the sentence is reasonable. *Booker*, 543 U.S. at 261.

rational readings of the law, one harsher than the other, the courts are to choose the harsher only when Congress has made its intentions clear. *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003); *see United States v. Bazile*, 209 F.3d 1205, 1207 (10th Cir. 2000) ("Under the rule of lenity, we interpret ambiguous statutes, as well as Sentencing Guidelines, in favor of the defendant and impose the shorter sentence."). Yet, the doctrine of lenity does not apply where the guidelines are clear. *United States v. McGraw*, 351 F.3d 443, 445 (10th Cir. 2003).

We first turn to the provisions Timbers claims are ambiguous. Section 2K2.1(b)(5) of the guidelines provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

USSG §2K2.1(b)(5). The phrase "felony offense, as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." *Id.*, comment. (n.4).

Timbers' briefing on this point is less than clear. He appears to argue

Timbers suggests our approach in *Weidner* is not good enough. We need not address his argument that later Supreme Court lenity cases require imposing the lesser sentence because the provisions at issue are not ambiguous; the lenity doctrine does not apply.

§2K2.1(b)(5) is ambiguous because possession of cocaine is a felony under state law not federal law. We agree with the government, the doctrine of lenity does not apply here because these provisions are quite clear. If a firearm is used or possessed in connection with any federal, state, or local felony offense, the §2K2.1(b)(5) enhancement applies. Thus, the district court's determination that a state felony statute could support the §2K2.1(b)(5) enhancement was correct.

C. Findings of Fact

Timbers also argues the district court erred in concluding the firearms found in his residence had the potential to facilitate his felony drug activities. The factual findings of the district court will be upheld unless clearly erroneous. *Kristl*, 437 F.3d at 1055. The district court correctly noted, for §2K1(b)(5) to apply, "the firearm must have some purpose or effect with respect to the . . . crime; its presence or involvement cannot be the result of accident or coincidence." (R. Vol. II at 38 (quoting *United States v. Constantine*, 263 F.3d 1122, 1126 (10th Cir. 2001).) In addition, "a weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)." *United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998).

The district court considered the evidence and found: 1) Timbers participated in two controlled buys; 2) bills from the controlled buys were found commingled with the approximately $137,000 dollars; 3) six .22 caliber bullets

were found near the narcotics; 4) two firearms, one with two loaded clips, were found with a small safe containing $1,700 in cash; and 5) scales were found. The court focused on several bills from the controlled buys intermingled with the other funds, "demonstrat[ing] a damning link to drug distribution." (R. Vol. II at 40.) The court also noted the presence of a set of scales is "consistent with drug distribution activity." (*Id.*) It then determined the government had "established a link between the guns, the money and the drugs, which is only strengthened by the proximity of these items and the overall conduct of defendant in conducting his drug related affairs." (*Id.*) The court concluded Timbers' possession of the guns "had the potential to embolden Timbers in his drug related activities." (*Id.*)

Timbers argues the possession of the guns were "for his self-protection," and the possession was "coincidental and unrelated to the possession of [the] cocaine or to the alleged drug distributions." (Appellant's Br. at 14-15.) Such a view of the evidence was apparently rejected by the district court. Simply offering an alternative view of the evidence on appeal is not sufficient to show the district court's finding of fact is clearly erroneous. *Manning v. United States*, 146 F.3d 808, 813 (10th Cir. 1998) ("'[w]here there are two permissible views of

the evidence, the factfinder's choice between them cannot be clearly erroneous.")

(quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

AFFIRMED.


ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge