**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE HERNANDEZ-CASTILLO,

Defendant-Appellant.

No. 05-2157

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. 04-CR-02210)**

James P. Baiamonte, Albuquerque, New Mexico for Defendant-Appellant.

Norman Cairns, Assistant United States Attorney, (David C. Iglesias, United States Attorney, with him on the brief), Albuquerque, New Mexico for Plaintiff-Appellee.

Before **O'BRIEN**, **McWILLIAMS**, and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

Jorge Hernandez-Castillo pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). At sentencing, the district court enhanced Mr. Hernandez-Castillo's base offense level by 16

points, finding that a prior California conviction for engaging in sexual intercourse with a minor was a felony and a crime of violence. On appeal, Mr. Hernandez-Castillo challenges only the district court's application of an enhancement for a crime of violence. Because we find that the prior California conviction was a felony and a crime of violence, we **AFFIRM** the district court's decision.

## I. Background

Mr. Hernandez-Castillo is a Mexican national who lived in the United States as a teenager. When he was eighteen years old, Mr. Hernandez-Castillo was involved in a consensual sexual relationship with Ana Mejia, a fourteen-year old girl. The two had a child, Brenda, who was born on January 8, 1998. Mr. Hernandez-Castillo has remained in contact with Brenda since 1998 and continues to help support her. Because of the four-year age difference between Mr. Hernandez-Castillo and Ms. Mejia, he was charged with several violations of the California Penal Code. He pleaded guilty to having unlawful sexual intercourse with a minor more than three years younger than himself, in violation of California Penal Code § 261.5(c). The California court sentenced Mr. Hernandez-Castillo to a suspended sentence of 157 days in county jail, which amounted to time served, and placed him on formal probation for four years.

On July 3, 1998, after his California conviction, Mr. Hernandez-Castillo was deported from the United States to Mexico. On July 18, 2004, he reentered

the United States and was apprehended at a border patrol checkpoint north of Las Cruces, New Mexico. Mr. Hernandez-Castillo admitted to border patrol agents that he was a citizen of Mexico and that he had illegally entered the United States. He subsequently pleaded guilty to illegal reentry.

The Presentence Report ("PSR") provided that Mr. Hernandez-Castillo's base offense level was 8, pursuant to § 2L1.2(a) of the United States Sentencing Guidelines. The PSR recommended that Mr. Hernandez-Castillo's base offense level be increased by 16 levels, pursuant to § 2L1.2(b)(1)(A)(ii), because his prior California conviction for unlawful sexual intercourse with a minor was a felony and a crime of violence. After a 3-level downward departure for acceptance of responsibility, the PSR provided for an adjusted offense level of 21, a criminal history category of IV, and a recommended guidelines range of 57 to 71 months. At sentencing, the district court adopted the recommendations contained in the PSR and sentenced Mr. Hernandez-Castillo to the low end of the range, 57 months, concluding that such a sentence was reasonable based on the factors set forth in 18 U.S.C. § 3553(a). Mr. Hernandez-Castillo filed a timely appeal, claiming that the district court erred in applying the sixteen-level upward adjustment because his previous California conviction was a misdemeanor, not a felony, and was not a crime of violence.

## II. Discussion

After *United States v. Booker*, 543 U.S. 220 (2005), rendered the Sentencing Guidelines advisory, district courts must use a two-step process at sentencing. In Step 1, the district court must consult the Guidelines and apply any applicable upward adjustments and downward departures. Through that process, the district court establishes a total offense level and corresponding sentencing range under the Guidelines. In Step 2, the district court may use its discretion to impose a sentence within the Guidelines range or to vary either upward or downward from that range.

In evaluating sentences imposed under the now-advisory Guidelines, we likewise employ a two-step approach. *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006) (per curiam). First, we consider whether the district court properly applied the Guidelines at Step 1, reviewing its legal determinations *de novo* and its factual findings for clear error. *Id.* Only if we conclude that the district court correctly applied the Guidelines or that any errors were harmless, do we consider whether the ultimate sentence imposed in Step 2 was reasonable, applying a presumption of reasonableness to sentences falling within the Guidelines range. *Id.*

Mr. Hernandez-Castillo does not challenge the reasonableness of the sentence imposed by the district court. Instead, he argues that the district court committed legal error at Step 1 by applying the sixteen-level upward adjustment

based on his prior California conviction because his conviction was a misdemeanor, not a felony, and because the sexual relationship was consensual and did not involve the use of force.

The sixteen-level upward adjustment for crimes of violence applies to defendants who were previously deported after "a conviction for a felony that is . . . (ii) a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A). These are terms of art; we must follow the definitions specified by the guidelines and guidelines commentary, rather than the ordinary sense of the terms. A "felony" is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." *Id.* at n.2. The crime for which Mr. Hernandez-Castillo was convicted, sexual intercourse with a minor, is referred to as a "wobbler" because it is punishable either as a felony or a misdemeanor:

> Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

Cal. Penal Code §§ 261.5(c). Under the California Penal Code, an unspecified prison term in state prison may be for 16 months or two or three years. *Id.* § 18.

A wobbler charged as a felony is treated as a felony for all purposes until judgment. *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992). A wobbler is converted to a misdemeanor:

> (1) After a judgment imposing a punishment other than imprisonment in the state prison.
>
> \* \* \*
>
> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal. Penal Code § 17(b). Although Mr. Hernandez-Castillo received four years' probation and a suspended sentence of 157 days in county jail, his situation does not fall under either of those circumstances.

Mr. Hernandez-Castillo's conviction could have been converted to a misdemeanor under § 17(b)(1) only if a *judgment* imposed a punishment other than imprisonment in state prison. Both parties agree that Mr. Hernandez-Castillo received a sentence other than imprisonment in state prison. Indeed, he received probation and a suspended sentence of imprisonment in county jail. However, neither probation nor a suspended sentence is deemed to be a judgment imposing punishment under California law. *Robinson*, 967 F.2d at 293; *United States v. Gomez-Hernandez*, 300 F.3d 974, 978 (8th Cir. 2002); *People v. Smith*, 16 Cal. Rptr. 12, 13 (Cal. Ct. App. 1961) ("An order granting probation is not a judgment."); *People v. Arguello*, 381 P.2d 5, 6 (Cal. 1963) ("In granting probation after a conviction, the trial court may suspend the imposition of sentence, in which case no judgment of conviction is rendered."). Accordingly, there was no judgment converting Mr. Hernandez-Castillo's conviction to a misdemeanor under § 17(b)(1).

Nor was Mr. Hernandez-Castillo's conviction converted to a misdemeanor under § 17(b)(3). Although § 17(b)(3) applies to grants of probation and suspended sentences, it operates to convert a wobbler into a misdemeanor only when "the court declares the offense to be a misdemeanor." Cal. Penal Code § 17(b)(3). Mr. Hernandez-Castillo has presented no evidence that the sentencing court declared his offense to be a misdemeanor. Indeed, there is some evidence that his offense was treated as a felony. Because his conviction under § 261.5(c) was a felony punishable by up to three years imprisonment, *see id.* § 18, the district court did not err in classifying Mr. Hernandez-Castillo's California conviction as a felony.

We next turn to Mr. Hernandez-Castillo's argument that his prior conviction was not a crime of violence because his relationship with Ms. Mejia was consensual. The application notes to § 2L1.2(b)(1) define "crime of violence" as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 n.1(B)(iii). The offenses listed in the application note to § 2L1.2 "are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use

of physical force against the person of another." *United States v. Munguia-Sanchez*, 365 F.3d 877, 881 (10th Cir. 2004) (emphasis and internal quotation marks omitted). Section 261.5 is California's statutory rape law. *See Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 466 (1981); *People v. Osband*, 919 P.2d 640, 734 (Cal. 1996) ("'Statutory rape' is commonly understood to be the offense of unlawful sexual intercourse with a minor (§ 261.5)."). Because § 261.5 is a statutory rape statute and statutory rape is listed in the application note, Mr. Hernandez-Castillo's conviction was for a crime of violence irrespective of whether his relationship with Ms. Mejia was consensual.

### III. Conclusion

Accordingly, the district court did not err in Step 1 by classifying Mr. Hernandez-Castillo's prior California conviction as both a felony and crime of violence. At sentencing, Mr. Hernandez-Castillo's counsel did not challenge the reasonableness of the resulting sentence, and he does not do so here. We therefore affirm the sentence imposed by the district court.

We feel compelled to comment, however, that we have grave misgivings regarding the appropriateness of this 57-month sentence. The sentence results from a sixteen-level enhancement on account of a consensual sexual relationship Mr. Hernandez-Castillo had with a younger girl many years ago, with parental consent, when both were teenagers. Mr. Hernandez-Castillo continues to support and maintain contact with the child, who is now six years old, and also

(apparently) maintains contact with the mother. Under the Sentencing Guidelines, this prior act, a statutory rape, is classified as a violent felony, leading to a 16-point enhancement, which translates into about four additional years in federal prison. In reality Mr. Hernandez-Castillo committed no violence and he was punished at the level of a misdemeanor.

The Sentencing Guidelines produce this result by looking to possible punishment rather than actual punishment and by defining all statutory rape as violent regardless of the circumstances. Then there is the added complication of determining whether a California "wobbler" is a felony or a misdemeanor. A "wobbler" is an offense that may be either a felony or a misdemeanor, but is assumed to be a felony unless, among other things, the state court issues a "judgment" sentencing the defendant to something less than a year in state prison or otherwise explicitly classifies the offense as a misdemeanor. Unfortunately for Mr. Hernandez-Castillo, his actual state court sentence – probation or a suspended sentence – is for some reason not deemed a "judgment" under state law. Thus, although he served only 157 days in the county jail – a sentence appropriate for a misdemeanor and not for a felony – this conviction counts as a felony under state law. It is hard to see the logic in treating imposition of probation or a suspended sentence as something other than a "judgment" for purposes of classifying the offense as a felony or a misdemeanor, but that is what state law dictates. We wonder if California judges are aware of the momentous consequences under

-9-

federal law of their decision whether to denominate wobbler offenses explicitly as misdemeanors. Ironically, if the state court had been more severe toward Mr. Hernandez-Castillo, by requiring him to serve a few more days in jail instead of allowing him to be released immediately, his offense would be classified as a misdemeanor and his guidelines range would be 6 to 12 months.

One might consider this the obvious case where an exercise of *Booker* discretion could mitigate a sentence that does not fit the particular facts of the case, *see United States v. Trujillo-Terrazas*, 405 F.3d 814, 819-20 (10th Cir. 2005), but unfortunately for Mr. Hernandez-Castillo, his lawyer has not challenged the reasonableness of the sentence. Perhaps the Sentencing Commission will take a hard look at these guideline definitions, and especially at the issue of California "wobblers," to ensure that sentences imposed under this section are not greater than can be justified.