**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL RENE GARCIA,

Defendant-Appellant.

No. 05-2371

District of New Mexico

(D.C. No. CR-04-2249 WPJ)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Daniel Garcia pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He filed a motion for a downward departure, which the district court denied.  His criminal history category was VI and his offense level 21, resulting in an advisory guideline range

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 77 to 96 months. He was sentenced to 77 months' imprisonment, at the low end of the guidelines range. Relying on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the criteria in 18 U.S.C. § 3553(a), Mr. Garcia objected to the sentence and claimed that a reduction was warranted because his sentence was unreasonably calculated for two reasons: (1) his possession of the gun should be considered a lesser harm because the gun belonged to his wife and was inadvertently left in the truck that he took to work; and (2) the court failed to consider his family circumstances, namely that his presence is required to take care of his ill wife and her three children. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Garcia claims the gun belonged to his then girlfriend Anna Lara, who married Mr. Garcia at the conclusion of sentencing. Mr. Garcia discovered the gun had been left in his truck and called Ms. Lara to come and retrieve it. However, she was the only employee at work and was unable to leave. Later that day, Mr. Garcia was suspected when money went missing from Mr. Garcia's boss. Mr. Garcia gave the police consent to search his truck, warning the police in advance that his wife's gun was inside and that he was a felon. Mr. Garcia was arrested. He told the police that he had handled the gun a couple of days before the arrest when he saw the gun in Ms. Lara's home and moved it out of reach of the children.

Mr. Garcia also alleges that since his incarceration Ms. Lara has been ill and unable "to maintain their home." Appellant's Opening Br. 24. As a result she has moved in "with her elderly parents, upon whom the responsibilities of a daughter and her three children works a tremendous hardship." *Id.* In addition, Mr. Garcia claims he has a relationship with Ms. Lara's children, in particular, her oldest son, who has a learning disability.

Agent Francisco Ortega testified at the sentencing hearing that he spoke to two individuals, Crusita Gonzales, the Garcia's apartment manager, and David Labuda, Mr. Garcia's boss. Both of these individuals had told Agent Ortega that Mr. Garcia had mentioned that he had a gun and that he "just gotta be careful" about being caught with it.

The district court denied the motion for a downward departure and found that a sentence within the guidelines would be reasonable. The district court stated that Mr. Garcia "was candid in his testimony that he knew he wasn't supposed to be around firearms" and found that there was no "bas[is] for departure under the sentencing guidelines." R. Vol. V, pp. 120-21. Furthermore, the district court found that Mr. Garcia, as a step-father, did not demonstrate extraordinary family circumstances that would require a reduced sentence. Mr. Garcia appeals.

## II. Discussion

A sentence properly calculated within the advisory sentencing guidelines is entitled to a presumption of reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006). The defendant is required to show that the sentence is unreasonable when viewed against factors in § 3553(a). *Id.* On appeal, to determine whether the sentence is reasonable we first examine whether the guidelines were properly applied. *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1129 (10th Cir. 2006). The district court's sentence is reviewed *de novo* and the factual findings for clear error. *Id.* If the district court's application of the guidelines was correct or any errors harmless, then we decide whether the sentence was reasonable. *Id.* at 1129-30.

### 1. § 5K2.11

Mr. Garcia challenges the reasonableness of the sentence that was imposed by the district court because his inadvertent possession of Ms. Lara's gun "fits the lesser harms rationale articulated in U.S.S.G § 5K2.11." Appellant's Opening Br. at 17. A downward departure is appropriate under § 5K2.11, "provided that the circumstances significantly diminish society's interest in punishing the conduct," or when the "conduct does not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." U.S.S.G § 5K2.11. Mr. Garcia argues that his possession of the gun was not for an unlawful purpose. However, we have held that the lesser harm provision of the guidelines should be

interpreted narrowly. *United States v. Warner*, 43 F.3d 1335, 1338 (10th Cir. 1994) (reversing the district court's downward departure for a war veteran in possession of a machine gun). Congress designed § 922(g) to sweep broadly, and the statute draws the criminal line at possession rather than illicit purpose. *See United States v. Riley*, 376 F.3d 1160, 1166-67 (D.C. Cir. 2004). To violate § 922(g), the felon has to possess the gun knowingly. 18 U.S.C. § 924(a)(2). Because Mr. Garcia possessed the gun knowingly, "the mere absence of an unlawful purpose does not warrant a departure under § 5K2.11." *Riley*, 376 F.3d 1167.

## 2. Family Circumstances

Mr. Garcia also argues that the dependency of his ill wife and her three children on his economic support should have led to a lower sentence. Under the sentencing guidelines, "[f]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Indeed, family circumstances are only considered in the most extraordinary situations. *United States v. Jones*, 158 F.3d 492, 499 (10th Cir. 1998); *United States v. Rodriguez-Velarde*, 127 F.3d 966, 968 (10th Cir. 1997) ("To justify a departure, a defendant must demonstrate that the period of incarceration set by the Guidelines would have an effect on the family or family members beyond the disruption to family and parental relationships that would be present in the usual case.") (internal quotation marks omitted). Mr. Garcia has

not demonstrated that his imprisonment has imposed a greater hardship on his family than a similar sentence would on any other imprisoned defendant's family. *See United States v. Sierra-Castillo*, 405 F.3d 932, 938 (10th Cir. 2005) (holding that the defendant's ill wife and need for emotional and financial support was not sufficient to constitute a downward departure in sentencing); *United States v. McClatchey*, 316 F.3d 1122, 1130 (10th Cir. 2003) ("The fact that a defendant cares for a family member with a mental and physical disability is not by itself sufficient to make the circumstances 'exceptional.'"). Therefore, the district court did not err in denying Mr. Garcia's request for a downward departure.

3. 3553(a) Reasonableness

The district court correctly calculated the guidelines range, carefully considered the factors of 18 U.S.C. § 3553(a), and found a sentence at the bottom of the range reasonable. The first factor in 18 U.S.C. § 3553(a) requires the district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Because Mr. Garcia has an extensive criminal history, admitted to being a felon-in-possession of the gun, and stated that there were other instances where he had contact with the gun, the district court found that the sentence was warranted under the facts of the case. The second factor in deciding whether the sentence was reasonable is "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The district court found that "the sentencing guideline range comports with that factor." The last factor discussed by the district court was "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553 (a)(6). The district court found that other defendants with Mr. Garcia's criminal history are not given a sentence below the sentencing guideline range and to do so for Mr. Garcia would give him "a benefit or a break that other similarly situated defendants do not receive."

Mr. Garcia argues strenuously that the circumstances under which he possessed a firearm were unusually innocuous and warranted a lesser sentence. If the district court had credited Mr. Garcia's account and had rendered a below-guidelines sentence, we might well agree that a reduction was reasonable and appropriate under these facts. But the Supreme Court's *Booker* decision was not intended to give appellate courts the freedom to determine sentences in accord with our sense of justice. It was to give district courts the latitude to do justice in the individual case, without being bound to mandatory and inflexible "guidelines" that were, in fact, dictates. Appellate review is limited to determining whether guidelines ranges were properly calculated and sentences within the bounds of reasonableness. After reviewing the record we do not think that the district court's judgment regarding an appropriate sentence in this case exceeded those bounds.

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge