**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS MANUEL MOLINA-
RASCON,

Defendant - Appellant.

No. 06-2155

(D. New Mexico)

(D.C. No. CR-06-242)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BRORBY**, Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant/appellant Jesus Manuel Molina-Rascon pled guilty to one count

of illegal reentry into the United States following deportation after conviction for

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2). He was sentenced to fifty-seven months' imprisonment, followed by two years of supervised release. Molina-Rascon appeals his sentence, which we affirm.

## BACKGROUND

On November 20, 2005, Molina-Rascon was arrested by United States Border Patrol agents in Hidalgo County, New Mexico. He admitted that he was a Mexican citizen, and further investigation revealed that he had been deported twice previously, on November 4, 1996, and on March 18, 2003. Authorities also discovered that, prior to his first deportation, Molina-Rascon had been convicted in Texas of burglary of a habitation with intent to commit sexual assault, an aggravated felony.

In preparation for sentencing under the United States Sentencing Commission, Guidelines Manual ("USSG") (2005), the United States Probation office prepared a presentence report ("PSR"). The PSR calculated Molina-Rascon's base offense level as eight, pursuant to USSG §2L1.2(a). It then added a sixteen-level upward adjustment, pursuant to USSG §2L1.2(b)(1)(A)(ii), based upon Molina-Rascon's 1996 conviction for residential burglary. A three-level reduction for acceptance of responsibility led to a total adjusted offense level of twenty-one. The PSR calculated Molina-Rascon's criminal history as category IV, based upon the 1996 residential burglary conviction, a 2000 misdemeanor

conviction for possession of marijuana, and a 2000 illegal reentry conviction, for which he was on supervised release when he was arrested on the instant offense. A total adjusted offense level of twenty-one with a criminal history category IV yielded an advisory Guideline range of fifty-seven to seventy-one months.

Molina-Rascon objected to the PSR, on the ground that his criminal history category over-represented the seriousness of his prior offenses and his criminal background. He also filed a motion for a downward departure on the ground that his criminal history was over-represented. With respect to the residential burglary conviction, Molina-Rascon argued that the residence involved was a trailer house that "was not someone's home but a place where aliens and some drug addicts would sleep." Mot. for Downward Departure at 2, doc. 15, R. Vol. I. He further argued he had defenses to that charge which were not presented. With respect to the marijuana possession conviction, he argues he was without counsel and, had he had counsel, "his attorney might have told him that there are immigration consequences before the defendant pled guilty" to the possession charge. Addendum to PSR at 1, R. Vol. II. With respect to the reentry conviction, for which he was on supervised release when he was arrested on the instant offense, a fact which added two criminal history points, Molina-Rascon argues that supervised release had ended before he was sentenced in this case. He accordingly requested that the district court depart downward from the criminal history category IV calculated in the PSR, and instead apply criminal history

-3-

category II, which would yield a sentencing range of forty-one to fifty-one months.

At the sentencing hearing, Molina-Rascon's counsel renewed his request for a downward departure, and added the following remarks:

> Mr. Molina-Rascon is looking at 57 months at the bottom end of the guidelines, and basically, he was coming into this country only for one thing: His daughter, who was pregnant, was about to have a baby, and he came for support, came to support her and his grandson. And that's kind of tragic, because he didn't make it that far.
> So for that act, he will do almost five years, and I think that seems to be a little stiff for the act of illegal entry. Now, I grant to the Court that he's got some history, but it is kind of spread out. One of his charges is about ten years old. But I think at this point I would defer to the Court, its judgment. I would ask that the Court impose a reasonable sentence at the low end of the guidelines.

Tr. of Sentencing Hr'g at 3, R. Vol. III. The government responded that Molina-Rascon's "underlying conduct seems to have been of a fairly serious nature," to which the court responded, "I think so, yeah." Id. at 4. The court then denied Molina-Rascon's motion.

The court then sentenced Molina-Rascon, with the following explanation:

> The Court has reviewed the Presentence Report factual findings, and I've considered the sentencing guideline applications and the factors set forth in 18 U.S.C. § 3553(a)(1) through (7). I will accept the defendant's guilty plea.

Id. at 5. After recounting his offense level and criminal history category, the court sentenced Molina-Rascon to fifty-seven months. This appeal followed.

Molina-Rascon argues: (1) his sentence is procedurally unreasonable because the district court failed to fully and meaningfully consider all the sentencing factors contained in 18 U.S.C. § 3553(a) and explain the basis for its sentence; and (2) his sentence is substantively unreasonable because the sixteen-level increase in his base offense level is "excessively harsh" and the sentence is too long given "his personal characteristics, the circumstances of his offense, and the need to avoid unwarranted sentencing disparities." Appellant's Br. at 8.

## DISCUSSION

Since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review district court sentencing decisions for "reasonableness." Id. at 262. "Reasonableness has both procedural and substantive components." United States v. Cage, 451 F.3d 585, 591 (10th Cir. 2006). Thus, in assessing the reasonableness of a sentence, "[w]e consider whether the district court correctly applied the Guidelines and whether the ultimate sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Sanchez-Juarez, 446 F.3d 1109, 1114 (10th Cir. 2006). Molina-Rascon argues his sentence was both procedurally and substantively unreasonable.

**I. Procedural reasonableness**

"There is no question that, in addition to guiding our reasonableness review on appeal, the sentencing factors set forth in 18 U.S.C. § 3553(a) must be considered by the district court itself when imposing a sentence." Id. at 1115.[1] As we have further acknowledged, since Booker, those factors "have a new vitality in channeling the exercise of sentencing discretion." United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005).

---

[1]18 U.S.C. § 3553(a) instructs district courts that, in addition to the guidelines range and Sentencing Commission policy statements,

> [a] court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As indicated above, Molina-Rascon asked for a sentence below the advisory guideline range because his criminal history category, as calculated under the guidelines, over-represented his actual criminal history. In particular, he argued that his prior conviction for residential burglary was trivial, compared to other crimes of violence, and did not warrant a sixteen-level enhancement of his base offense level. "Where a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." Sanchez-Juarez, 446 F.3d at 1112. We have held that such an argument about the impropriety of a sixteen-level enhancement under USSG §2L1.2(b)(1)(A)(ii) is "not clearly meritless." Id. at 1117. Accordingly, we consider whether the record reveals that the sentencing judge considered that argument.

The district court in this case referred to the § 3553(a) factors in its sentencing decision, although not in detail. However, it did address the specific argument Molina-Rascon made, and it found his prior conviction was serious, not trivial. "We do not require a ritualistic incantation to establish consideration of a legal issue, nor do we demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factor that Congress

has instructed it to consider." United States v. Lopez-Flores, 444 F.3d 1218, 1222 (10th Cir. 2006), petition for cert. filed, __ WL __ (July 7, 2006) (No. 06-5217) (further quotation omitted). Accordingly, assuming that Molina-Rascon's allegations did raise a non-frivolous argument that the § 3553(a) sentencing factors warrant a below-guidelines sentence, we can discern from the record that the sentencing judge did not "rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the statutory factors." Sanchez-Juarez, 446 F.3d at 1112.[2] Molina-Rascon's sentence was therefore procedurally reasonable.

## II. Substantive reasonableness

"[W]hen a sentence falls within the properly-calculated Guidelines range, it is entitled to a rebuttable presumption of reasonableness." Id. at 1114 (further quotation omitted); United States v. Kristl, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (per curiam). Molina-Rascon argues his fifty-seven month sentence is "excessively long, when viewed against the other § 3553(a) factors." Appellant's Br. at 15. In particular, he alleges that the sixteen-level enhancement he received for his prior residential burglary is "unduly harsh." Id. He argues the prior

_____

[2]We note that there is some confusion creeping into our case law concerning what arguments can satisfy the requirement that a defendant make a non-frivolous argument that the § 3553(a) factors warrant a below-guideline sentence.

offense is mild, compared to other crimes of violence to which the sixteen-level enhancement applies under USSG §2L1.2(b)(1)(A)(ii).[3]  While we have occasionally acknowledged that the sixteen-level enhancement is excessive given the relatively trivial nature of the defendant's prior conviction, see United States v. Hernandez-Castillo, 449 F.3d 1127, 1131-32 (10th Cir. 2006), United States v. Trujillo-Terrazas, 405 F.3d 814, 817 (10th Cir. 2005),[4] we see nothing trivial about Molina-Rascon's prior conviction, the circumstances of which were described in the PSR as follows:

> The victim stated the bedroom window was open for fresh air and the defendant entered through that window.  The defendant's sister

---

[3]USSG §2L1.2(b)(1)(A)(ii) provides for a sixteen-level enhancement if the defendant was previously deported after a conviction for a felony that was a "crime of violence."  "Crime of violence" is defined as any of the following: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  Id., comment. (n.1(B)(iii)).

[4]In Hernandez-Castillo, we expressed "grave misgivings regarding the appropriateness of th[e] 57-month sentence[,] . . . result[ing] from a sixteen-level enhancement on account of a consensual sexual relationship [the defendant] had with a younger girl many years ago, with parental consent, when both were teenagers" for which the defendant was sentenced, in state court, as if it was a misdemeanor.  Hernandez-Castillo, 449 F.3d at 1131.  In Trujillo-Terrazas, we noted there was a reasonable probability that, on resentencing, the defendant would receive a lesser sentence than the one he had received, which included a sixteen-level enhancement for a prior conviction for third degree arson where the defendant, upset about an ex-girlfriend, threw a lighted match into the car of his ex-girlfriend's companion, causing $35 of damage.  Trujillo-Terrazas, 405 F.3d at 819-20.

resided two houses away from the victim and the defendant is known to the victim. The defendant entered the bedroom and laid in the bed with the victim. The victim felt the defendant's hand on her breast and assumed it was her husband, who was due to return to their residence. The defendant continued to fondle the victim until the victim realized it was not her husband and yelled for the defendant to leave. The defendant apologized several times and departed the residence. . . . It should be noted the defendant was intoxicated.

PSR, ¶ 21, R. Vol. II. The district court determined it was a "serious" offense, a conclusion with which we agree.

None of Molina-Rascon's other arguments succeed in rebutting the presumptive reasonableness of the sentence imposed. We therefore conclude it is a reasonable sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge