**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN JOE GATEWOOD,

Defendant - Appellant.

No. 06-3048

D. Kansas

(D.C. No. 02-CR-40117-JAR)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Steven Joe Gatewood pled guilty to possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g). He was sentenced to a 97 month term of imprisonment to be followed by 3 years of supervised

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release.  Gatewood appealed from his sentence.  We affirmed, concluding he was not entitled to a reduction for acceptance of responsibility; his offense level enhancement for possession of three or more firearms was proper; and his offense level enhancement for possession of a firearm in relation to another offense was also proper.  *See United States v. Gatewood*, 370 F.3d 1055 (10th Cir. 2004), *vacated*, 453 U.S. 1109 (2005).  On petition for certiorari, the Supreme Court vacated our judgment and remanded the case for further consideration in light of *United States v. Booker,* 543 U.S. 220 (2005).  The Supreme Court did not otherwise reach the merits of the case.  We remanded the case for resentencing. *See United States v. Gatewood*, 132 Fed. Appx. 778, 779 (10th Cir. 2005).  At that time, he renewed his objections regarding the district court's refusal to apply a reduction for acceptance of responsibility and regarding the sentence enhancements.  Nonetheless, considering the sentencing guidelines as only advisory the district court imposed a sentence identical to Gatewood's initial sentence.  This appeal followed.

*I. Background*

The facts of this case are set forth in our earlier opinion and need only be summarized here.  Arriving at Gatewood's home in answer to a 911 call, law enforcement officers discovered the two-year old child of Gatewood's girlfriend had died from a self-inflicted gunshot wound.  A Glock 9mm semi-automatic pistol was found on the floor next to the child and an empty gun safe in the

bedroom was open with the key in the lock. Additional firearms were found in other locations and an anhydrous ammonia tank was also found in a shed behind the residence.

After offering several shifting versions of the circumstances, Gatewood's girlfriend eventually admitted she purchased the gun for Gatewood and her previous statements were stories concocted with Gatewood. She also told police she had received methamphetamine from Gatewood just two or three days before the shooting. Officers later learned five other people, including a "methamphetamine cook," were at the residence in the early morning of the shooting. Several people made statements to investigators regarding Gatewood's possession of guns and drug use. Based on the evidence of Gatewood's continued drug use and false statements, we concluded the district court did not err in determining Gatewood failed to take adequate responsibility for his offenses. *Id.* at 1062-63. We also concluded the record adequately supported the district court's sentence enhancements. *Id*. at 1064-65.

## *II. Discussion*

We review sentences imposed under the advisory guidelines utilizing a two-step approach. *United States v. Hernandez-Castillo,* 449 F.3d 1127, 1129 (10th Cir. 2006)*, cert. denied*, 127 S.Ct. 936 (2007). "First, we consider whether the district court properly applied the Guidelines at Step 1, reviewing its legal determinations *de novo* and its factual findings for clear error." *Id.* "Only if we

conclude that the district court correctly applied the Guidelines or that any errors were harmless, do we consider whether the ultimate sentence imposed in Step 2 was reasonable, applying a presumption of reasonableness to sentences falling within the Guidelines range." *Id*. at 1129-30. On appeal, Gatewood raises the same arguments we addressed on his first challenge to his sentence. The government contends these issues are barred by the "law of the case" doctrine. We agree.

"The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Roth v. Green*, 466 F.3d 1179, 1187 (10th Cir. 2006) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988)). "When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir.1995). On remand, the district court was ordered to reconsider Gatewood's sentence in the light of *Booker*. All fact issues and all other law issues, including our previous decision regarding the district court's correct application of the guideline methodology were unaffected by the Supreme Court's remand. They stand as the law of this case. The only task for the district court on remand was to reconsider the sentence by applying the §3553(a) factors and considering the guidelines advisory only.

Gatewood argues his sentence is unreasonable, suggesting the district court abused its discretion "based on the unfortunate fact that a [two]-year-old child obtained access to the firearm, and killed himself." (Appellant's Br. at 19.) We have jurisdiction to review the reasonableness of any sentence, *United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007), and that is our sole inquiry in this appeal. *See also United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006) ("[W]hile we do not have jurisdiction to review the district court's discretionary decision to deny a downward departure, we have jurisdiction post-*Booker* to review the sentence imposed for reasonableness.").

Gatewood argues the district court's reaction to a child's death led to an unreasonable sentence, citing to the district court's following statement at his original sentence:

> This defendant engaged in conduct that was not only criminal, but reckless and had very tragic and dire circumstances. That conduct has been taken into account in part in various enhancements that were given to him for having firearms in the house.

(Appellant's Br. at 19). The record clearly reflects, however, on remand the district court specifically considered and applied the § 3553(a) factors, stating:

> The Court has given consideration to [the] plea agreement, has given consideration to a true and accurate and appropriate application of the Guidelines, but has also given consideration to the 18 U.S.C. § 3553(a) factors in determining and concluding that a 97-month imprisonment term promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant, and provides the defendant with the necessary treatment to address his substance abuse problems.

(Vol. 2 at 19).  It sentenced Gatewood within the guideline range and, as previously determined, the enhancements were supported by the evidence.  A sentence within the guidelines is presumptively reasonable.  *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1269 (10th Cir. 2006) (citing *United States v. Kristl,* 437 F.3d 1050, 1055 (10th Cir. 2006) ("If . . . the district court properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable.")).  Gatewood failed to rebut the presumption of reasonableness.

AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge