FILED
United States Court of Appeals
Tenth Circuit

March 8, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARGARITO CHAVEZ-SUAREZ,

Defendant-Appellant.

No. 09-1005

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 08-CR-00345-PAB-1)**

---

Submitted on the briefs:[*]

Raymond P. Moore, Federal Public Defender, and Howard A. Pincus, Assistant Federal Public Defender, Denver, Colorado, for Defendant–Appellant.

David M. Gaouette, Acting United States Attorney, and Jeremy S. Sibert, Joseph Mackey, and John M. Hutchins, Assistant United States Attorneys, Denver, Colorado, for Plaintiff–Appellee.

---

Before **BRISCOE**, **McKAY**, and **HARTZ**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*] This case was ordered submitted on the briefs on November 18, 2009.

In this criminal appeal, Defendant Margarito Chavez-Suarez challenges the substantive reasonableness of his sentence. Defendant pled guilty to illegally reentering the country following deportation after a conviction for a drug-trafficking offense. This drug-trafficking offense—a 1997 state court conviction for the attempted distribution of marijuana—resulted in a sixteen-level enhancement to the offense level calculated under the advisory sentencing guidelines. Based on this enhancement, the advisory guideline range was calculated at forty-one to fifty-one months of imprisonment. Although the probation officer recommended granting Defendant's request for a variance below this guideline range, the district court ultimately imposed a forty-one month sentence. This appeal followed.

On appeal, Defendant challenges only the substantive reasonableness of the sentence imposed, arguing that this sentence was unreasonably long in light of the age of the underlying drug-trafficking conviction, his essentially clear conduct prior to and following that conviction, and the relatively benign nature of his attempted distribution of marijuana in comparison to the other offenses that trigger the sixteen-level enhancement. Defendant notes that, following his 1997 conviction, his only contact with the police was for driving without insurance. Indeed, he was only discovered to be in the United States illegally in 2008 because he complied with traffic laws by remaining at the scene of an accident that had been caused by another driver. Defendant argues that the record shows

he was deterred from drug trafficking by an eighteen month sentence (from which he was released after nine months), and he asserts that this demonstrates that he would likewise be deterred from illegal reentry by a relatively short sentence. Defendant further notes other offenses triggering a sixteen-level enhancement under the guidelines include terrorism, rape, murder, child pornography, and human trafficking, and he argues his attempted distribution of marijuana should not be subject to the same enhancement as these crimes. He also notes that the district court found certain mitigating factors relating to his personal characteristics. In light of all of these circumstances, Defendant argues, the district court abused its discretion by refusing to vary below the applicable guidelines range.

We agree with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009). "The fact that Section 2L1.2(b) addresses the seriousness of the offense—as opposed to the risk of recidivism—explains the absence of time limitations on qualifying predicate convictions. It does not, however, [always] justify increasing a defendant's sentence *by the same magnitude* irrespective of the age of the prior conviction at the time of reentry." *Id.* at 1055 (citations omitted). While, as the government points out, we have previously upheld guidelines-range sentences where the underlying conviction occurred years in the past, *see, e.g.*, *United*

-3-

*States v. Torres-Duenas*, 461 F.3d 1178, 1182 (10th Cir. 2006), we are persuaded that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines.

We are also persuaded that a downward variance may sometimes be warranted based on the relatively benign nature of a particular offense in comparison to other offenses triggering the same enhancement. Indeed, we have on occasion noted that the nature of a prior conviction may bear on the reasonableness of a sentence that is based on this sixteen-level enhancement. *See, e.g.*, *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1131-32 (10th Cir. 2006) (expressing "grave misgivings" regarding the appropriateness of a guidelines-range sentence resulting from a sixteen-level enhancement for statutory rape based on a consensual sexual relationship between two teenagers); *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819-20 (10th Cir. 2005) (noting that applying the same "substantial sixteen-level enhancement" for a relatively trivial arson as for a more serious case of arson "could be seen to run afoul of § 3553(a)(6), which strives to achieve uniform sentences for defendants with similar patterns of conduct"). Moreover, we find singularly unpersuasive the argument the government made before the district court that "the defense fails [to] recogniz[e] that drug trafficking is as serious as murders or child molestation or other serious types of felonies . . . even if it's a small amount [that] might not look horrendous." (R. Vol. II at 20-21.) We are convinced that the attempted

-4-

distribution of marijuana is in itself not nearly as serious a crime as murder, human trafficking, child molestation, and other felonies triggering the sixteen-level enhancement. We therefore conclude that a downward variance may be warranted in certain cases where the sixteen-level enhancement is triggered by this crime.

Nevertheless, while troubled by the age and nature of the underlying felony conviction, we cannot say that the district court's sentencing decision amounted to an abuse of discretion. *See United States v. McComb,* 519 F.3d 1049, 1053 (10th Cir. 2007). Although we might have imposed a lower sentence in the first instance, we are not persuaded that the district court's judgment fell outside the "range of rationally permissible choices" before it. *Id.* We are concerned by the fact that the underlying conviction was eleven years old, but we are not convinced that this conviction was so stale that the district court abused its discretion by refusing to vary downward under the circumstances of this case. *Cf. Amezcua-Vasquez*, 567 F.3d at 1056 (holding that a downward variance was required where the underlying convictions occurred twenty-five years prior to the defendant's removal and reentry). In light of all of the evidence in the record, including Defendant's past illegal reentries and certain aggravating factors in his underlying drug-trafficking conviction, the imposition of a guidelines-range sentence in this case did not manifest a clear error of judgment by the district court. We therefore **AFFIRM** the conviction and sentence.

09-1005, United States v. Chavez-Suarez

**BRISCOE**, Circuit Judge, concurring:

I fully agree with the majority that the district court did not abuse its discretion in sentencing Chavez-Suarez, and thus I concur in the judgment. I write separately, however, because I cannot agree with the majority's reasoning. As evidenced by the district court's statements at sentencing, the district court was fully aware of the scope of its sentencing discretion and the court employed great care in the exercise of that discretion.

"[W]e review sentences for reasonableness under a deferential abuse-of-discretion standard." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Reasonableness review is [typically] a two-step process comprising a procedural and a substantive component." Id. (internal quotation marks omitted). Here, however, Chavez-Suarez does not dispute the procedural reasonableness of his sentence. Indeed, he filed no objections to the presentence report's sentencing calculations, which were adopted in full by the district court. Instead, he challenges only the substantive reasonableness of his sentence.

"Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. (internal quotation marks omitted). If the sentence is within the correctly-calculated Guidelines range, it is considered presumptively reasonable on appeal, unless the defendant "rebut[s] this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing

factors laid out in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

Chavez-Suarez's main contention on appeal is that the Sentencing Guidelines' calculations effectively overstated, through imposition of a 16-level enhancement, the seriousness of his prior drug-trafficking conviction. But the district court expressly considered and rejected that contention, noting that Chavez-Suarez knowingly engaged in the trafficking of marijuana with the sole intent "to make money," and not, as is the case with many defendants, to support their own personal drug use. ROA, Vol. 2 at 25. The district court also noted that Congress had specifically chosen to treat "drug distribution [a]s an aggravated felony." Id. Lastly, the district court concluded "that the age of [the] previous conviction . . . [was] not relevant" because as regards reentry it imposed a continuous "disability" on Chavez-Suarez, making "it a much more serious crime for him to return" to the United States. Id. at 27. Nothing about these rationales, or the district court's ultimate rejection of Chavez-Suarez's contention, constitutes an abuse of discretion. See United States v. Pruitt, 502 F.3d 1154, 1166 (10th Cir. 2007) ("Selling . . . illegal drugs is a serious offense that detrimentally impacts other people's lives . . . ."), vacated on other grounds, 128 S.Ct. 1869 (2008); United States v. Carr, 939 F.2d 1442, 1448 (10th Cir. 1991) ("Drug trafficking crimes are serious . . . ."); United States v. Torres-Duenas, 461 F.3d 1178, 1183 (10th Cir. 2006) (affirming as substantively reasonable a 41-

month sentence for illegal reentry that was based, in part, on a sixteen-level enhancement resulting from a nearly twenty-year-old felony conviction).

Chavez-Suarez next asserts that a substantially shorter sentence would have sufficed to deter him from future crimes. But the district court considered and rejected that argument as well, noting that Chavez-Suarez had entered the United States illegally on four prior occasions. The district court found it significant that the two most recent of those illegal reentries occurred after Chavez-Suarez had been convicted of the drug-trafficking offense and was thus "subject to being prosecuted federally for aggravated re-entry after a conviction . . . ." ROA, Vol. 2 at 26. Further, the district court emphasized that Chavez-Suarez, "instead of responding to" his apprehension and deportation in 2002, which the district court termed a "close call," "nonetheless decided that he would return to the United States." Id. at 26-27. In my view, the district court again acted well within its discretion in rejecting Chavez-Suarez's arguments.

Chavez-Suarez's final argument is that his "personal characteristics" alone justified a below-Guidelines sentence. Notably, the district court agreed that Chavez-Suarez was a "good" and "reliable" worker, that "[h]is neighbors f[ound] him to be] a good and reliable person," and that "he ha[d] raised fine children . . . ." Id. at 26. Significantly, however, the district court concluded that these mitigating factors were outweighed by other § 3553(a) factors, particularly the need for deterrence and, to a lesser degree, the need to protect the public "from

-3-

people who decide to return to the United States illegally after they have been deported for criminal offenses . . . ." Id. at 28. Nothing about this determination constitutes an abuse of discretion.