**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMANDO PAZ-ROJAS,

    Defendant - Appellant.

No. 13-1526

(D.C. No. 1:13-CR-00234-RM-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

This is a direct criminal appeal filed by the defendant, Armando Paz-Rojas. He pled guilty to illegal re-entry into the United States after deportation, in violation of 8

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1326(a), (b)(1).  Paz-Rojas was sentenced to 24 months in prison.  On appeal, he

contests the substantive reasonableness of his sentence.  We have jurisdiction under 28

U.S.C. § 1291 and affirm.

## I. BACKGROUND

On June 3, 2013, a grand jury returned an indictment charging Paz-Rojas with a

single count of illegal re-entry into the United States after deportation, in violation of 8

U.S.C. § 1326(a), (b)(1).  Paz-Rojas initially considered participating in Colorado's fast-

track program, under which he could have received a 4-level sentencing guideline

reduction.  However, his attorney realized that Paz-Rojas' 2004 California conviction for

willful infliction of corporal injury might constitute a felony crime of violence.[1]  If the

conviction constituted a felony, not only would it eliminate Paz-Rojas' eligibility for the

4-level fast-track reduction, but also it would increase his offense level by 16, pursuant to

U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Although Paz-Rojas may still have received a 2-level

reduction through the fast-track program, his attorney felt that "considering all of the

circumstances it didn't make any sense from our perspective, so we did reject [it]."  R.

---

[1] California Penal Code § 273.5(a) is a "wobbler," or a crime "punishable either as a felony or a misdemeanor."  United States v. Hernandez-Castillo, 449 F.3d 1127, 1130 (10th Cir. 2006).  A wobbler charged as a felony may be converted to a misdemeanor "[a]fter a judgment imposing a punishment other than imprisonment in the state prison."  Id.  Paz-Rojas received a sentence of 36 months' probation, subject to the condition he be placed in county jail for 90 days.  R. Vol. I at 53.  However, under California law, a sentence of probation does not constitute a judgment, and thus cannot convert it into a misdemeanor.  449 F.3d at 1130 ("[N]either probation nor a suspended sentence is deemed to be a judgment imposing punishment under California law.").

Vol. III at 74.

Paz-Rojas pled guilty, pursuant to a plea agreement with the government. The agreement noted the parties' disagreement over whether the 2004 conviction constituted a felony or a misdemeanor. The agreement did not include a waiver of Paz-Rojas' right to appeal, which would have occurred had he participated in the fast-track program. R. Vol. III at 72 ("[Paz-Rojas] was given an opportunity, he chose not to do fast track, with the appellate waiver, whatever else that - applies to that, we are not getting that."). The probation office prepared a presentence report ("PSR"). The PSR advised that the 2004 California conviction constituted a felony under United States v. Hernandez-Castillo, 449 F.3d 1127 (10th Cir. 2006), and thus applied the 16-level enhancement to the base offense level of 8. The PSR applied a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b). With Paz-Rojas' criminal history category of V, the resulting guideline range was 70-87 months. The PSR recommended departing downward to 36 months, pursuant to § 4A1.3(b)(1), because Paz-Rojas' criminal history category substantially over-represented the seriousness of his history.

Paz-Rojas filed a motion for a variant sentence, which made two alternative requests. If the court did not apply the 16-level enhancement, resulting in a guideline range of 21-17 months, then Paz-Rojas requested a sentence of 9 months. If the court did apply the enhancement, resulting in a guideline range of 70-87 months, then he only requested a variant sentence of 21 months. The district court filed notice that it was considering a departure pursuant to U.S.S.G. § 2L1.1, Application Note 7(C).

3

The district court held a sentencing hearing on November 26, 2013. After hearing arguments by both parties, the court ruled that the 2004 conviction was a felony crime of violence and therefore applied the 16-level enhancement, resulting in a guideline range of 70 to 87 months. The court ruled, however, that a downward departure to offense level 12 was appropriate, pursuant to U.S.S.G. § 2L1.1, Application Note 7(C). With a 2-level reduction for acceptance of responsibility, the final offense level was 10, resulting in a sentencing range of 21-27 months. The defendant's counsel requested a sentence of 21 months, and the government suggested 26 months.

The district court sentenced Paz-Rojas to 24 months based on its assessment of the 18 U.S.C. § 3553(a) factors. The court had earlier considered a greater sentence of 27 months, but felt that Paz-Rojas' history was a mitigating factor because he had lived in the United States for most of his life. The court stressed that Paz-Rojas had "a lot of convictions," with "a consistent record, with respect to committing offenses." R. Vol. III at 80-81. The court noted Paz-Rojas' dishonesty with the probation officer, and believed it was part of a "pattern of kind of trying to put a little bit of minimization or spin on things." Id. at 81. Finally, the court determined that a 24-month sentence, likely reduced to 20 months for good time, would be 8 months longer than Paz-Rojas' D.U.I. sentence, which the judge stated was "as small an incremental increase as I intend to give." Id. at 82. The court emphasized that the sentence was not chosen simply because it was within the guideline range, but because it was a "sentence that is sufficient but not greater than necessary under all of the circumstances of this case, considering all of the factors that

4

have been presented to me." Id.

## II. ANALYSIS

On appeal, Paz-Rojas' only argument is that his sentence was substantively

unreasonable because it did not "correct" for the fact that he was ineligible for the fast-

track program, which could have reduced his guideline range by 4 levels. In addressing

substantive reasonableness, we consider "whether the length of the sentence is reasonable

given all the circumstances of the case in light of the factors set forth in 18 U.S.C. §

3553(a)." United States v. Chavez, 723 F.3d 1226, 1233 (10th Cir. 2013) (quoting United

States v. Reyes-Alfonso, 653 F.3d 1137, 1145 (10th Cir. 2011)). The substantive

reasonableness of a sentence is reviewed under the deferential abuse of discretion

standard. United States v. Basnett, 735 F.3d 1255, 1263 (10th Cir. 2013). "[A] within-

Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal.

The defendant may rebut this presumption by showing that his sentence is unreasonable

in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." United States v.

Alapizco-Valenzuela, 546 F.3d 1208, 1215 (10th Cir. 2008) (internal citations omitted).[2]

Paz-Rojas argues that even though the departure countered the impact of the 16-

---

[2] Paz-Rojas did not argue before the district court that, if the 16-level enhancement applied, he should receive a variance on the basis that he was ineligible for the fast-track program. After the court announced the sentence, the defendant did not object to his sentence except to note his continued disagreement with the 16-level enhancement. R. Vol. III at 83. The proper standard of review may be plain error, but we need not decide the issue because his sentence is easily affirmed even under the less demanding abuse of discretion standard. See United States v. Valquez-Alcarez, 647 F.3d 973, 976-77 (10th Cir. 2011).

5

level enhancement, "the resulting 24-month sentence was still too long, because it failed to account" for the fact that "Paz-Rojas, now burdened with a felony crime-of-violence conviction, lost out on the District of Colorado's fast-track program." Appellant's Br. at 12. He contends that his sentence "did not conform to those factors [§ 3553(a)], primarily because its starting point was a guideline calculation wanting in logic and reason, even if it was compelled by state law." Id. at 16-17. He gives no further argument as to how his sentence is unreasonable based on the § 3553(a) factors, however, and does not state the factors on which he bases his appeal.

Paz-Rojas has not rebutted the presumption of reasonableness. The district court provided three main reasons for the sentence imposed and all were based on the § 3553(a) factors. The court was concerned about Paz-Rojas' criminal history, with multiple repeated crimes, and his pattern of minimizing his conduct. The court sought a sufficiently longer sentence than Paz-Rojas' prior sentences to impress upon Paz-Rojas the seriousness of his conduct and to deter future illegal re-entries. We conclude that the sentence was reasonable, and the court did not abuse its discretion. We AFFIRM the sentence imposed by the district court.

Entered for the Court


Mary Beck Briscoe
Chief Judge

6