**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TRACIE LOCKHART, a/k/a Tracie
Richardson,

    Defendant-Appellant.

No. 10-1559
(D.C. No. 1:04-CR-00463-MSK-24)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant/appellant Tracie Lockhart appeals the sentence imposed upon

revocation of her supervised release. Exercising jurisdiction under 28 U.S.C. § 1291, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affirm.

I

Lockhart pled guilty to violating 18 U.S.C. § 1001(a)(3) and § 2. Section 1001(a)(3) prohibits making false statements or representations and making or using false writings or documents containing false statements in any matter "within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States . . . ." Lockhart admitted that she had submitted a false mortgage loan application to an agency of the United States government. On February 13, 2006, the district court sentenced Lockhart to fifteen months' imprisonment and three years' supervised release. ROA, Vol. II at 12-13. This sentence was at the bottom of the advisory sentencing guidelines range. The court also ordered Lockhart to pay $57,244.26 in restitution. At sentencing, the district court stated that it was originally inclined to impose a greater sentence due to Lockhart's criminal history which indicated a "pattern of dishonesty, lack of respect for authority, [and] lack of respect for society, [that] has gone on for an extended period of time." Id. at 24. Nonetheless, in light of Lockhart's statements that she had "turned over a new leaf" and the government's request for such a sentence, the district court imposed a fifteen-month sentence "with grave reservations." Id.

Lockhart served her term of imprisonment and began her term of supervised release on September 10, 2008. On March 16, 2010, the United States Probation Office filed a petition for issuance of summons due to violations of supervised release. At a hearing in April 2010, the district court determined that Lockhart had provided false

2

information to her probation officer regarding her employment and had failed to request permission to obtain an automobile loan for a Cadillac Escalade. Lockhart falsely represented that she was employed part-time at a temp agency, parking company or attending school, when she was in fact employed full-time by Denver Vail Orthopedics. Lockhart misrepresented who her employer was and the extent of her employment to avoid her restitution obligation. At the hearing, Lockhart admitted that she was employed by Denver Vail Orthopedics, but did not admit at the time that she had been employed as a receptionist, rather than as a medical assistant. Employment as a receptionist violated the terms of her state probation because it involved accepting co-payments from patients. The district court did not revoke Lockhart's supervised release after the April hearing.

On October 7, 2010, the United States Probation Office filed a petition for arrest warrant due to violation of supervised release. Lockhart was arrested and appeared before the district court on December 7, 2010. Lockhart admitted to fifteen violations of her supervised release, including: failure to pay restitution, falsifying written reports, failure to submit written monthly reports, and making false statements to the probation officer. Id. at 41-42. Lockhart had continued to falsely represent her employment and income, even after the April hearing. The district court adjudicated Lockhart guilty of the admitted violations.

The supervised release violation report calculated Lockhart's advisory custody range at five to eleven months, and recommended a sentence of nine months' imprisonment. The government requested a revocation sentence of six months'

imprisonment because Lockhart had cooperated with the government when she "debriefed with an agent" and "relayed some information she overheard that potentially was of interest" with respect to a separate case. Id. at 18-19. Lockhart requested a sentence of three months' imprisonment. The district court denied these requests and imposed a revocation sentence of twelve months' imprisonment. At Lockhart's request, the district court modified the sentence to twelve months and one day's imprisonment, so that Lockhart would be eligible to earn good time credits. Lockhart appeals contending the district court abused its discretion in failing to grant her request for a variance and that the sentence imposed was substantively unreasonable.

## II

### A. Standard of Review

Chapter 7 of the United States Sentencing Commission Guidelines Manual contains policy statements regarding sentencing following revocation of supervised release. We review a sentence imposed after a defendant violates a term of supervised release under the "plainly unreasonable" standard. United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004); see also 18 U.S.C. § 3742(e)(4) (directing the court of appeals to determine whether the sentence was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable). We have recently stated that this analysis is the same as the reasonableness standard of review under United States v. Booker, 543 U.S. 220 (2005). United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010). "[A] sentence in excess of that recommended by the Chapter 7 policy statements

4

will be upheld if it can be determined from the record to have been reasoned and reasonable." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006).

In imposing a sentence following a revocation of supervised release, a district court must consider Chapter 7's policy statements and several but not all of the 18 U.S.C. § 3553(a) factors, including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution. Id. at 1188-89; see also 18 U.S.C. § 3583(e). "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." Cordova, 461 F.3d at 1189.

*B. Analysis*

Lockhart argues that her sentence is unreasonable because the district court failed to account for her cooperation with the government and her desire to take care of her child and her aging parents. Aplt. Br. at 7. She further argues that the district court's conclusion that her behavior had not changed was erroneous because that conclusion was inconsistent with the cooperation she provided to the government. Id. at 13.

We conclude that the district court's sentence is not plainly unreasonable. The

5

district court thoroughly discussed its reasons for imposing the sentence, which included the following:

- Lockhart's violations of the conditions of her supervised release were "of exactly the same kind and nature" as the conduct underlying her original conviction, and were committed after fifteen months of incarceration pursuant to that conviction. ROA, Vol. III at 35.

- Many of Lockhart's violations were committed after the April 2010 compliance hearing at which "certain representations . . . were made [by Lockhart] that now turn out to be false" namely, that Lockhart misrepresented the nature of her employment at Vail Orthopedics because her employment as a receptionist would not have been permitted under the terms of her state parole and would have raised concerns with her federal probation officer as well. Id. at 36.

- On July 14, 2010, Colorado state parole officers discovered that Lockhart had a patient's credit card, copies of two patients' credit cards, and a document containing another patient's date of birth in her possession. Id. at 37-38.

- Despite being "on notice since last April that absolute compliance with her obligations under supervised release in the form of truthful and complete statements to the probation officer was required," Lockhart "did not take any steps to amend the falsified written reports. She did not attempt to disclose to her probation officer any errors in them." Further, she "continued to make false statements to the probation officer and failed to comply with the condition

6

imposed by this court of not incurring any credit charges without the approval of the probation officer." Id. at 39.

The district court concluded that the U.S.S.G. § 7B1.4(a) sentencing range was not adequate to accomplish the objectives of "reflecting the seriousness of the offense, promoting respect for the law, deterring future criminal conduct, and protecting the public from further crimes by the defendant . . . ."[1] Id. at 40.

We conclude that the district court's sentence was reasonable in light of the circumstances identified by the district court, in particular Lockhart's continued dishonesty and lack of candor with the court. Continued breaches of trust are generally a reason for increased sentencing severity. Steele, 604 F.3d at 809. The fact that Lockhart cooperated with the government does not render her sentence plainly unreasonable. Further, the record belies Lockhart's contention that the district court failed to consider her cooperation. Although the district court did not specifically address it when announcing the sentence, Lockhart's cooperation was discussed earlier during the sentencing hearing. Cf. Rita v. United States, 551 U.S. 338, 358 (2007) (finding the district court's statement of reasons legally sufficient despite the fact that the court did not specifically address defendant's requested grounds for a variance where the record made

---

[1] The district court is not required to consider the need for the sentence imposed to reflect the seriousness of the offense or promote respect for the law when imposing a sentence upon revocation of supervised release. See 18 U.S.C. § 3583(e) (omitting 18 U.S.C. § 3553(a)(2)(A) from the list of § 3553(a) factors to be considered). However, the fact that the district court did consider these factors does not render the sentence plainly unreasonable.

7

clear that the judge listened to the defendant's argument and was aware of the special circumstances argued by the defendant). The district court was clearly aware of Lockhart's cooperation, which served as the basis for the government's requested six-month sentence. The district court's conclusion that other circumstances outweighed any mitigating effect of this cooperation was not unreasonable. Cf. United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) (stating that this court must defer to the district court's assessment of the weight and balance of the §3553(a) factors). Further, the district court's conclusion that Lockhart's behavior had not changed was well supported, any cooperation with the government notwithstanding. There was more than ample evidence that Lockhart continued her pattern of deceit despite her prior incarceration and previous modification of the terms of her supervised release.

                                            III

        The district court considered the relevant policy statements and §3583(e) factors, and concluded that a sentence greater than that outlined in U.S.S.G. § 7B1.4(a) was necessary in Lockhart's case. Lockhart has failed to show that a sentence of twelve months and one day's imprisonment is plainly unreasonable. Lockhart's motion to expedite this court's review is GRANTED, and the judgment of the district court is AFFIRMED.

                                            Entered for the Court


                                            Mary Beck Briscoe
                                            Chief Judge

                                              8