FILED
United States Court of Appeals
Tenth Circuit

February 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ADRIAN CASTILLO-ARELLANO,

     Defendant - Appellant.

No. 14-1267
(D.C. No. 1:13-CR-00500-RBJ-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

---

Appellant Adrian Castillo-Arellano was convicted under 8 U.S.C. § 1326(a) and

(b)(2) for illegal reentry of a noncitizen previously removed after an aggravated felony.

The district court sentenced Mr. Castillo-Arellano to 41 months in prison, which is the

low end of the applicable United States Sentencing Guidelines ("Guidelines") range.

---

     [*]After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Castillo-Arellano appeals his sentence, arguing it is substantively unreasonable. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Mr. Castillo-Arellano entered the United States without authorization on February 18, 2004. In early 2011, he was 25 years old when he met a 14-year-old girl at a house party in Colorado. They had both consumed alcohol. The girl told Mr. Castillo-Arellano she was 17 years old and would be turning 18 soon. As she later described, she then "talked him into having sex with her." ROA, Vol. II at 24.

Within weeks of the party, the girl learned she was pregnant. When she told Mr. Castillo-Arellano about the pregnancy, he promised to support her and suggested she move out of her parents' home when she turned 18. The girl admitted she was only 14, which upset Mr. Castillo-Arellano. The girl informed her mother of the pregnancy and the sexual encounter with Mr. Castillo-Arellano, but she asked her mother not to notify the police. Her mother reported the incident to Broomfield Police Department on March 19, 2011.

On July 18, 2011, two police officers located Mr. Castillo-Arellano, who provided fake names to them before eventually providing his real name. He admitted having sex with the 14-year-old girl and knowing she was pregnant. When the officers told Mr. Castillo-Arellano he was under arrest, he attempted to flee. The officers pursued and struggled to capture him. After Mr. Castillo-Arellano was stopped, he again fought to

escape, but the officers were able to restrain him. Neither officer was seriously injured.

Mr. Castillo-Arellano pled guilty to the Colorado state offenses of obstructing a peace officer (a class 2 misdemeanor), negligent child abuse resulting in serious bodily injury (a class 4 felony), and attempted sexual assault on a child (a class 5 felony). The state district court sentenced him to four years of probation. He was removed to Mexico on February 28, 2012.

Mr. Castillo-Arellano was unable to comply with his probation terms because he was outside the United States. Broomfield County's probation office requested and received a warrant for Mr. Castillo-Arellano's arrest for violating his probation.

On February 8, 2013, Mr. Castillo-Arellano presented himself at the Ysleta port of entry in El Paso, Texas. When Customs and Border Patrol officers discovered the outstanding arrest warrant, he was taken into custody, paroled into the United States, and extradited to Colorado. On April 19, 2013, the state district court revoked and terminated Mr. Castillo-Arellano's probation, sentenced him to 200 days in jail, and gave him credit for time served. The next day, Mr. Castillo-Arellano was again removed to Mexico.

Months later, Immigration and Customs Enforcement ("ICE") learned Mr. Castillo-Arellano had returned to Colorado and was residing with family in Boulder. On November 22, 2013, ICE agents found Mr. Castillo-Arellano at his sister's apartment in Boulder. He provided his full name to the agents and admitted he had been removed to Mexico in April. The agents arrested him and processed him for administrative removal. On March 17, 2014, Mr. Castillo-Arellano pled guilty in federal district court to illegal

-3-

reentry under 8 U.S.C. § 1326(a) and (b)(2).

The U.S. Probation Office prepared a Presentence Report ("PSR"). It used the 2013 United States Sentencing Commission's Guidelines Manual ("U.S.S.G.") to calculate the applicable guideline range of 41 to 51 months based on a total offense level of 21 and a criminal history category of II.

The total offense level resulted from a base level of 8 under U.S.S.G. § 2L1.2(a), a 16-level enhancement for a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) based on Mr. Castillo-Arellano's conviction for attempted sexual assault of a child,[1] and a 3-level reduction based on his acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b).

Mr. Castillo-Arellano's criminal history category of II resulted from his prior jail sentence from his 2011 convictions, which qualified him for two criminal history points under U.S.S.G. § 4A1.1(b).

Mr. Castillo-Arellano was sentenced on June 24, 2014. He moved for a downward variance to 13 months in prison followed by three years of supervised release. He argued the Guidelines range was greater than necessary to achieve the objectives of the 18 U.S.C. § 3553(a) factors. First, he argued his prior conviction did not warrant imposing both a 16-level enhancement and an increase in the criminal history category for the same offense. Second, he contended the 16-level enhancement overstated the seriousness of his prior conviction. Third, he asserted 13 months in prison would be adequate to deter

---

[1] "Crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A) includes various enumerated offenses, including statutory rape. *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

future illegal reentries, and his removal after serving a 13-month sentence would adequately protect the public.

The Government sought a sentence of 41 months in prison with no supervised release. It noted the seriousness of Mr. Castillo-Arellano's sexual encounter with a 14-year-old and his attempt to resist arrest, and argued a lighter sentence would not adequately deter future criminal conduct or protect the public.

The district court rejected Mr. Castillo-Arellano's arguments about the prior conviction, noting the 14-year-old girl's supposed consent did not detract from the seriousness of the offense. It discussed the need to impose a sentence that would deter Mr. Castillo-Arellano from engaging in criminal conduct again, and the community safety concerns associated with serious sex offenses. The court also explained its concerns about Mr. Castillo-Arellano's attempts to avoid arrest. Based on these considerations, the court denied Mr. Castillo-Arellano's motion for variance and imposed a sentence at the bottom of the applicable Guidelines range—41 months in prison without supervised release. Mr. Castillo-Arellano now appeals, arguing this sentence is substantively unreasonable.

## II. DISCUSSION

### A. *Standard of Review and Legal Background*

We review sentences imposed by district courts under the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or

-5-

manifestly unreasonable." *United States v. Regan*, 627 F.3d 1348, 1352 (10th Cir. 2010) (quotations omitted).

"Reasonableness review is a two-step process comprising a procedural and a substantive component." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008) (quotations omitted). "[F]irst [we] ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

"In considering whether a defendant's sentence is substantively reasonable, we examine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013) (quotations omitted). "We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo." *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008). "[I]n many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Sentences within the Guidelines range are entitled to a rebuttable presumption of reasonableness. *United States v. Balbin-Mesa*, 643 F.3d

-6-

783, 788 (10th Cir. 2011).

## B. *Analysis*

Mr. Castillo-Arellano does not challenge the district court's sentence on procedural reasonableness grounds. Our review is therefore limited to substantive reasonableness. Mr. Castillo-Arellano has not overcome the presumption of reasonableness. We conclude the district court's sentence fell within the realm of rationally available choices.

The district court concluded 41 months in prison was sufficient, but not greater than necessary, in light of Mr. Castillo-Arellano's illegal reentry, prior convictions, and resistance to arrest. First, the court explained the sentence would promote respect for the law because "[Mr. Castillo-Arellano] got a break before, he took his chances, and unfortunately for him, when he came back this latest time illegally, basically he stuck his chin out and asked the system to whack him, and that's what I think he deserves, quite frankly." ROA, Vol. III at 35. Second, the court concluded 41 months would deter future criminal conduct by Mr. Castillo-Arellano because it would demonstrate to him the serious consequences of such activity. Third, the court considered the public safety concerns relating to individuals who have committed serious sex offenses or attempted to evade or act aggressively toward police officers.

Mr. Castillo-Arellano points out we considered a similar situation in *United States v. Hernandez-Castillo*, 449 F.3d 1127 (10th Cir. 2006), which also involved a noncitizen convicted of illegal reentry who received a 16-level enhancement for a prior conviction

arising from a consensual sexual relationship between the defendant and a 14-year-old girl. *Id.* at 1129, 1131. Although Mr. Hernandez-Castillo did not challenge the reasonableness of his sentence, we suggested these circumstances could raise substantive reasonableness concerns. *Id.* at 1131-32.

*Hernandez-Castillo* is distinguishable from this case. Mr. Hernandez-Castillo had been convicted for statutory rape of a 14-year-old when he was 18. *Id.* at 1131. The relationship produced a child. *Id.* At the time of sentencing, he had maintained support and contact with the child and mother. *Id.* Mr. Castillo-Arellano, by contrast, was 25 at the time of his sexual relationship with the 14-year-old, and the record does not show he maintains support or contact with the child or mother. Additionally, Mr. Hernandez-Castillo's prior conviction could be classified as either a misdemeanor or a felony under California law. *Id.* at 1130-31. But Mr. Castillo-Arellano's prior conviction is classified as only a felony under Colorado law. *See* Colo. Rev. Stat. §§ 18-2-101(4), 18-3-405(2).

Mr. Castillo-Arellano also attacks the district court's sentence because statutory rape results in the same enhancement as a prior conviction for murder. But the enhancement applies to a wide range of convictions designated as crimes of violence by U.S.S.G. § 2L1.2—statutory rape, murder, kidnapping, aggravated assault, sexual abuse of a minor, robbery, arson, extortionate extension of credit, and more. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Although downward variances may be "based on the relatively benign nature of a particular offense in comparison to other offenses triggering the same enhancement," this decision is left to the sentencing court's discretion. *United States v.*

*Chavez-Suarez*, 597 F.3d 1137, 1138-39 (10th Cir. 2010).  The district court rejected a downward variance after considering the nature of Mr. Castillo-Arellano's prior conviction, the circumstances surrounding his arrest in July 2011, and his decision to reenter the United States without authorization.  The district court weighed the § 3553(a) factors.  Mr. Castillo-Arellano cannot overcome the presumptive reasonableness of his sentence under these circumstances.

## III.  CONCLUSION

For the foregoing reasons, we affirm Mr. Castillo-Arellano's sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge