FILED
United States Court of Appeals
Tenth Circuit

June 26, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DILLON R. MILLER,

Defendant - Appellant.

No. 15-3010
(D.C. No. 6:10-CR-10144-MLB-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **BALDOCK,** and **TYMKOVICH**, Circuit Judges.[**]

In 2010, Defendant Dillon Miller pleaded guilty to carrying and using firearms

during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).

The district court sentenced Defendant to 60-months' imprisonment to be followed

by a 3-year term of supervised release. Defendant was apparently serving the latter

portion of his sentence at the Residential Re-entry Center (RRC) in Wichita, Kansas,

when he violated the terms of his supervised release. The probation office filed a

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

petition to revoke Defendant's supervised release, alleging Defendant had been (1) associating with a convicted felon (a female) without permission, and (2) discharged from RCC for making threatening statements to a staff member. At the revocation hearing, Defendant acknowledged he had read the violation report and discussed it with his counsel. Defendant further admitted the report was accurate and nothing therein needed changing or correcting.

Because his original offense was a Class A felony, Defendant once again faced a maximum sentence of 60-months imprisonment. See 18 U.S.C. § 3583(e)(3) (basing the maximum sentence for revocation of supervised release on the classification of the underlying conviction). The guidelines, however, recommended a lesser sentence of 5-11 months for his violations. The district court sentenced Defendant to 36-months imprisonment. Because the court believed Defendant to be "unsupervisable," it ordered no further supervised release.[1] The district court based its upward variance from the guideline range on the nature of Defendant's underlying offense, his attitude and behavior while under supervision, his criminal history and characteristics, and the need to protect the public. Before announcing sentence, the court noted it considered the applicable guidelines and the § 3553 factors. The court opined that nothing in the record suggested Defendant would cease his criminality

---

[1] At the revocation hearing, Defendant's supervising probation officer described Defendant's performance on supervision as poor and his behavior as uncooperative, argumentative, and intimidating. According to the officer, Defendant's attitude became progressively worse over the course of his supervision.

because he does not understand what following the rules means. The court noted its obligation to protect the public and concluded that incarcerating Defendant was necessary. Defendant appealed. Our jurisdiction arises under 18 U.S.C. § 3742(a). We summarily affirm.

We appointed the Federal Public Defender to represent Defendant on appeal. After careful review, the assistant defender assigned to the case concluded that Defendant's appeal presents no factually or legally non-frivolous issues. Counsel therefore submitted an Anders brief and an accompanying motion to withdraw. See Anders v. California, 386 U.S. 738 (1967). Defendant was notified and filed a short response acknowledging his "behavior was not right," but telling us he believes his sentence for his supervised release violations is too harsh. Having reviewed the record and counsel's Anders brief in light of the governing legal standards, however, we are compelled to disagree. See United States v. Castillo-Arellano, 777 F.3d 1100, 1103–04 (10th Cir. 2015) (setting forth the standards applicable to sentence review). Defendant's sentence was not imposed in violation of the law, his sentence was not procedurally infirm, and his sentence was substantively reasonable.

Counsel points out that the only argument Defendant could make in challenge to his sentence is that the district court erroneously considered the seriousness of the underlying offense of conviction, namely carrying and using firearms during and in relation to a drug trafficking crime, pursuant to § 3553(a)(2)(A). But Defendant did not make a contemporaneous objection in the district court, so our review is for plain

error. In <u>United States v. Douglas</u>, 556 F. App'x 747 (10th Cir. 2014) (unpublished), a panel of this Court observed:

> Recent decisions issued by panels of this Court indicate that the Tenth Circuit has not definitively resolved the question of whether it is error for a district court to consider § 3553(a)(2)(A) factors when revoking an offender's supervised release.[2] <u>See</u> <u>United States v. Chatburn</u>, 505 F. App'x 713, 717 (10th Cir. 2012); <u>United States v. Lockhart</u>, 421 F. App'x 877, 880 n.1 (10th Cir. 2011). . . . Moreover, the Supreme Court has not yet spoken to the issue.

<u>Id.</u> at 750–51. And the circuits are divided on the question. <u>Id.</u> at 751. Of course, all this means Defendant cannot show the district court clearly or obviously erred in its sentencing approach. <u>See</u> <u>Puckett v. United States</u>, 556 U.S. 129, 135 (2009) (explaining that plain error review requires four showings, one of which is to establish any legal error was clear or obvious).

Accordingly, the judgment of the district court is AFFIRMED. Defense counsel's motion to withdraw is GRANTED. We appreciate counsel's forthrightness in evaluating the merits of Defendant's appeal.

Entered for the Court

Bobby R. Baldock
United States Circuit Judge

---

[2] Section 3553(a)(2)(A) provides that in determining the sentence to be imposed, the district court "shall consider . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

4